**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**DEONNE MAGGETTE, ET AL**                                                                         **PLAINTIFFS**

**V.**                                                    **CIVIL ACTION NO.2:07CV181-M-A**
                                                                                 **LEAD CASE**

**BL DEVELOPMENT CORP.**
**d/b/a GRAND CASINO TUNICA;**                                           **DEFENDANTS**
**ET AL**

**CONSOLIDATED WITH**

**McKINLEY JACOBS, AS SPECIAL**
**ADMINISTRATOR OF THE ESTATE OF**
**FANNIE JACOBS, DECEASED; ET AL**
                                                                             **PLAINTIFFS**

**V.**                                                    **CIVIL ACTION NO. 2:07CV182-M-A**

**BL DEVELOPMENT CORP.**
**d/b/a GRAND CASINO TUNICA; ET AL**                        **DEFENDANTS**

<u>**ORDER ON MOTIONS FOR RECONSIDERATION**</u>

      The defendants, BL Development Corp. d/b/a Grand Casino Tunica, *et al*, requests the undersigned to reconsider her order dated June 3, 2009[1] in which she compelled the defendants

---

[1] In the case 2:07-cv-181 the Order is docket no. 136 and in case 2:07-cv-181 the Order is docket no. 143.

to supplement the plaintiffs' discovery requests and awarded attorney's fees.[2]  On April 21,
2009, the court ordered the defendants to supplement their discovery responses before May 5,
2009.  The defendants failed to supplement their responses by the court-ordered date, and the
plaintiffs filed a motion for sanctions on May 8, 2009, which the court granted in part – requiring
the defendants' to make any necessary supplementation by June 13, 2009 and pay attorneys' fees
for the filing of the motions to compel and for sanctions.  The defendants now ask the court to
reconsider this order because they state that they supplemented the discovery responses on May
13, 2009, an act which the court did not address in its June 3rd order.  The defendants also
request clarification as to whether they should file a second supplementation withdrawing
objections.

Despite the frequency with which litigants file "Motions for Reconsideration" with the
Federal Courts, no such motion is available under the Federal Rules of Civil Procedure.
*Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 382 n. 10 (5th Cir. 1998) ("The Federal
Rules of Civil Procedure do not provide for a "Motion for Reconsideration . . . .").  Rather, the
only available vehicles through which a party seek relief from a discovery or sanctions order
entered by the magistrate judge are by way of appeal of the order to the district judge assigned to
the case.  See Rule 72.1(A) of the UNIFORM LOCAL RULES OF THE UNITED STATES DISTRICT
COURTS FOR THE NORTHERN AND SOUTHERN DISTRICTS OF MISSISSIPPI.

Moreover, the undersigned does not consider the late supplementation of discovery to be
a new fact that requires reconsideration.  The defendants failed to bring the fact that they

---

[2] In the case 2:07-cv-181 the motion is docket no. 141 and in case 2:07-cv-181 the motion is docket no. 148.

supplemented their discovery responses to the court's attention before the court issued the June 3rd order. In fact, the court marvels at the defendants' temerity in asking for reconsideration of the court's ruling in light of the fact that they failed to even respond to the motion for sanctions in the first place. As the defendants are the only parties with the knowledge and access to documents that are responsive to discovery requests, it is their responsibility to fully respond to the requests in compliance with the Federal Rules of Civil Procedure and case law; failure to do so will result in additional sanctions. As to the content and form of the defendants' discovery responses, it is defense counsel's professional responsibility to assist the defendants in answering the discovery requests fully and in accordance with the law – counsel must not interject objections that serve no purpose other than to obfuscate the discovery process.

The court's award of attorneys' fees was justified at the time it issued its order and remains so at this time. The motion to reconsider was a further waste of both the plaintiffs' and the court's resources, and the defendants were warned in the June 3rd order that the court will not tolerate gamesmanship or dilatory tactics. Consequently, the defendants will also be required to pay the expenses, including reasonable attorneys' fees, incurred by plaintiff in filing a response to the motion for reconsideration.

Accordingly, it is ORDERED

That the defendants' motion to reconsider is DENIED. The plaintiff must submit an itemization of all reasonable fees and expenses incurred in connection with the motion for reconsideration within ten (10) days of the date of this order. Defendants may file objections to this itemization within twenty (20) days of the date of this order. If no objections are filed, plaintiffs' itemization of fees and expenses will be deemed reasonable, and defendants must

tender the amount to plaintiffs within thirty (30) days of this Order

    This the 18th day of June, 2009.

                                                  /s/ S. Allan Alexander  
                                                U.S. MAGISTRATE JUDGE