IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**DEONNE MAGGETTE, ET AL**                                      **PLAINTIFFS**

**V.**                              **CIVIL ACTION NO.2:07CV181-M-A**

                                                **LEAD CASE**

**BL DEVELOPMENT CORP.**
**d/b/a GRAND CASINO TUNICA;**                                  **DEFENDANTS**
**ET AL**

**CONSOLIDATED WITH**

**McKINLEY JACOBS, AS SPECIAL**
**ADMINISTRATOR OF THE ESTATE OF**
**FANNIE JACOBS, DECEASED; ET AL**
                                                                **PLAINTIFFS**

**V.**                              **CIVIL ACTION NO. 2:07CV182-M-A**

**BL DEVELOPMENT CORP.**
**d/b/a GRAND CASINO TUNICA; ET AL**            **DEFENDANTS**

<u>**ORDER**</u>

On July 23, 2009, the court ordered sanctions under Rule 37 of the Federal Rules of

Civil Procedure in the form of reasonable attorneys' fees and expenses to be paid by the

defendants.[1] The plaintiffs' attorneys have filed affidavits regarding the attorneys fees incurred,[2]

---

[1] In the case 2:07-cv-181 the order is docket #177 and in case 2:07-cv-182 the order is docket # 184.

[2] In the case 2:07-cv-181 the affidavits are docket ## 179 & 180 and in case 2:07-cv-182 the affidavits are ## 186 & 187.

and the defendants have objected to the claimed fees as excessive.[3]

In determining the appropriate amount of attorney's fees to award, the court applies the "lodestar" method of computation. *Nisby v. Commissioners Court of Jefferson County*, 798 F.2d 134, 136 (5th Cir. 1986). The "lodestar" is computed multiplying the number of hours reasonably expended by the prevailing hourly rate in the community for similar work. The court then adjusts the lodestar upward or downward depending on the respective weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989); *Longden v. Sunderman*, 979 F.2d 1095, 1099 (5th Cir.1992). The twelve *Johnson* factors are as follows:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions involved;
> (3) the skill required to perform the legal service properly;
> (4) the preclusion of other employment by the attorney due to the acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) the time limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the "undesirability" of the case;
> (11) the nature and the length of the professional relationship with the client;
> (12) awards in similar cases.

*Johnson*, 488 F.2d at 717-719. Even though the *Johnson* factors must be addressed to ensure that the resulting fee is reasonable, not every factor need be necessarily considered. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 331 (5th Cir.1995); *Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 854 (10th Cir.1993) ("rarely are all the Johnson factors applicable ...") (quoting *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 456 (10th Cir.1988)).

---

[3] The objections were filed in the case 2:07-cv-182 at docket #200.

In its July 23rd Order[4] this court ordered the defendants to pay the reasonable expenses including attorney's fees associated with four discovery motions. Glen Dunn, plaintiffs' counsel, submitted an affidavit itemizing attorney's fees and costs associated with the motions as follows:

Attorney's fees

Total charges for Glenn Dunn (partner): 45.9 hrs @ $225.00/hr = $ 10,327.50
Total charges for Edward Samuelson (associate): 114.9 hrs @ $150.00/hr = $ 17,235.00
Total fees $27,562.50

Dunn represents that he has adjusted his hourly rates in accordance with prevailing local fees- reducing the partner's rate from $350.00 per hour to $225.00 per hour and reducing the associate's rate from $225.00 per hour to $150.00 per hour.

Jason Shelton, plaintiffs' local counsel, also submitted an affidavit itemizing attorney's fees and costs associated with the motion as follows:

Attorney's fees

Total charges for Brandon Leslie (associate): 32 hrs @ $165.00/hr = $ 5,280.00

After a review of the time entries submitted by plaintiffs' counsel, the court finds that a reduction of the fees is warranted. Although the court recognizes that attorney's fees in other locales are higher than the fees quoted by Dunn those reduced fees still exceed the usual and customary charges in this district. Accordingly, the court reduces the hourly attorney's fees to the following: reducing the partner's rate from $225.00 per hour to $200.00 per hour and reducing the associate's rate from $150.00 per hour to $125.00 per hour. Moreover the court has

---

[4] In the case 2:07-cv-181 the order is docket #136 and in case 2:07-cv-182 the order is docket #143.

reviewed the time entries and found certain entries to be inappropriately reimbursed. For example, the court has reduced the total amount of time billed by Dunn and his associate for conferring on the drafting of motions. Also, the court reduced certain legal research time entries regarding Illinois litigation. Finally, the court found some repetitive time entries such as review of deposition testimony. The court revises the amount of reasonable attorney's fees as follows:

Attorney's fees

Total charges for Glenn Dunn (partner): 34.6 hrs @ $200.00/hr = $ 6,920.00
Total charges for Edward Samuelson (associate): 84.7hrs @ $125.00hr = $10,587.50
Total Attorney's fees $17,507.50

The court also finds it proper to reduce the fees charged by local counsel as the affidavit submitted appears to include excessive charges. For example, counsel stated that for each e-filing of a motion or memo it took one half of an hour: the court files its own documents using the e-file system and is well aware that it takes far less than thirty minutes to accomplish the task. Further, the rates quoted by Shelton were in excess of those generally charged in this district without explanation justifying the higher fees. Thus, the court revises the amount of reasonable attorney's fees as follows:

Attorney's fees
Total charges for Brandon Leslie (associate): 22.4 hrs @ $115.00/hr = $ 2, 576.00

It is **ORDERED**

That defendant or its counsel must submit $ 20,083.50 to plaintiffs' counsel by September 30th, 2009.

The parties and their counsel have engaged in what the court considers inappropriate and unnecessary carping at one another, undoubtedly increasing expense to the parties and certainly

4

requiring the court to expend time and resources that should be devoted to other matters.  The parties are admonished once again that the court will not tolerate further such behavior and will avail itself of the full array of sanctions available to it under Rule 37 if this behavior continues.

This the 15th day of September, 2009.

                 /s/ S. Allan Alexander
               UNITED STATES MAGISTRATE JUDGE