**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

| | |
|---|---|
| **DEONNE MAGGETTE, ET AL** | **PLAINTIFFS** |
| V. | NO. 2:07CV181-M-A |
| | LEAD CASE |
| **BL DEVELOPMENT CORP. d/b/a GRAND** | |
| **CASINO TUNICA; ET AL** | **DEFENDANTS** |

**CONSOLIDATED WITH**

| | |
|---|---|
| **McKINLEY JACOBS, AS SPECIAL** | |
| **ADMINISTRATOR OF THE ESTATE** | |
| **OF FANNIE JACOBS, DECEASED; ET AL** | **PLAINTIFFS** |
| V. | NO. 2:07CV182-M-A |
| **BL DEVELOPMENT CORP. d/b/a** | |
| **GRAND CASINO TUNICA; ET AL.** | **DEFENDANTS** |

**ORDER**

Defendants have filed an appeal of the Magistrate Judge's award of attorneys' fees in this case. Defendants do not take issue with the Magistrate Judge's decision to impose sanctions against them for discovery abuses, but they do contend that counsel for plaintiffs have "overbilled" in their request for fees. The court has reviewed the Magistrate Judge's order dated September 15, 2009, in which she carefully considered defendants' arguments and reduced the amount of attorney's fees to be awarded. In so ruling, the Magistrate Judge wrote that:

> After a review of the time entries submitted by plaintiffs' counsel, the court finds that a reduction of the fees is warranted. Although the court recognizes that attorney's fees in other locales are higher than the fees quoted by Dunn those reduced fees still exceed the usual and customary charges in this district. Accordingly, the court reduces the hourly attorney's fees to the following: reducing the partner's rate from $225.00 per hour to $200.00 per hour and reducing the associate's rate from $150.00

per hour to $125.00 per hour. Moreover the court has reviewed the time entries and found certain entries to be inappropriately reimbursed. For example, the court has reduced the total amount of time billed by Dunn and his associate for conferring on the drafting of motions. Also, the court reduced certain legal research time entries regarding Illinois litigation. Finally, the court found some repetitive time entries such as review of deposition testimony. The court also finds it proper to reduce the fees charged by local counsel as the affidavit submitted appears to include excessive charges. For example, counsel stated that for each efiling of a motion or memo it took one half of an hour: the court files its own documents using the e-file system and is well aware that it takes far less than thirty minutes to accomplish the task. Further, the rates quoted by Shelton were in excess of those generally charged in this district without explanation justifying the higher fees.

Slip op. at 3-4.

Based upon these findings, the Magistrate Judge reduced the award of attorneys' fees, ordering that "defendant or its counsel must submit $ 20,083.50 to plaintiffs' counsel by September 30th, 2009." Defendants seek a further reduction of this award, contending that it remains excessive. While this does appear to be a robust award of attorneys' fees, it is clear that the Magistrate Judge already made careful findings of fact with regard to the reasonableness of the fees and adjusted the award accordingly. Under these circumstances, the Magistrate Judge's ruling is entitled to a great deal of deference, and defendants are unable to demonstrate that the ruling is clearly erroneous or contrary to the law.

The court would further note that this is one of the older cases on its docket, and it is imperative that it not be subjected to unnecessary delays. The Magistrate Judge noted in her ruling that:

The parties and their counsel have engaged in what the court considers inappropriate and unnecessary carping at one another, undoubtedly increasing expense to the parties and certainly requiring the court to expend time and resources that should be devoted to other matters. The parties are admonished once again that the court will not tolerate further such behavior and will avail itself of the full array of sanctions available to it under Rule 37 if this behavior continues.

*Id.* at 3-4. This court is supportive of the Magistrate Judge's efforts to move this case along, and she clearly has greater familiarity with the actions of the various parties and counsel to date. The Magistrate Judge's handling of these matters will be treated with considerable deference by this court, and defendants' appeal of her ruling will therefore be denied.

In light of the foregoing, it is ordered that defendants' appeal of the Magistrate Judge's award of attorneys' fees is denied. Defendants' motion to stay is likewise denied.

**SO ORDERED** this 30th day of September, 2009.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**