**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**DEONNE MAGGETTE, ET AL**                                                                                    **PLAINTIFFS**

**V.**                                                                                    **CIVIL ACTION NO.2:07CV181-M-A**
                                                                                         **LEAD CASE**
**BL DEVELOPMENT CORP.**
**d/b/a GRAND CASINO TUNICA;**                                                            **DEFENDANTS**
*et al.*,

**CONSOLIDATED WITH**

**McKINLEY JACOBS, AS SPECIAL**
**ADMINISTRATOR OF THE ESTATE OF**
**FANNIE JACOBS, DECEASED;** *et.al.*,                                                    **PLAINTIFFS**

**V.**                                                                                    **CIVIL ACTION NO. 2:07CV182-M-A**

**BL DEVELOPMENT CORP.**
**d/b/a GRAND CASINO TUNICA;** *et al.*,                                                  **DEFENDANTS**

## ORDER ON MOTION FOR SANCTIONS AND MOTION TO STRIKE

On November 2, 2009, the undersigned heard argument from counsel for all parties regarding plaintiffs' motion to strike (docket 215 in case no. 2:07cv181-M-A and docket 222 in case no. 2:07cv182-M-A) and plaintiffs' third motion for sanctions (Docket 218 in case no. 2:07cv181-M-A and Docket 225 in case no. 2:07cv182-M-A). The court declines to hold at the present time that sanctions are warranted in this case;[1] nevertheless, the proof before the court

---

[1] This is not to say that sanctions will not ultimately be found to be warranted. The court has already imposed sanctions upon defendants for what it views as a casual, if not arrogant, rebuff to plaintiffs' repeated efforts to obtain information which is ordinarily easily produced in litigation.

establishes that there are likely shortcomings related to the defendants' discovery responses and production of documents in this case.

The increased use and acceptance of digital evidence mandates that attorneys face new professional and ethical considerations related to how digital discovery is handled. Jay E. Grenig and William C. Gleisner, III, et al., E Discovery & Digital Evidence § 2:1 (2009). The Federal Rules of Civil Procedure require that a party provide

> a copy – or a description by category and location – of all documents, *electronically stored information*, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed. R. Civ P. 26(a)(1)(A)(ii). Rule 34(b)(2)(E) also mandates the production of electronically stored information in response to discovery requests either in the form in which the information is usually maintained or in a reasonably usable form as responsive to discovery requests.

In this case, the defendants have produced information and affidavits and have stated at the hearing on these motions that they have searched for documents and information responsive to the plaintiffs' discovery requests and produced all information responsive to those requests. Nevertheless, despite the court's direct order that "*all* defendants . . . search any available databases for responsive information and produce it to the plaintiffs. . . , " the defendants are unable to describe the databases searched, the search terms, methods or parameters used to search the databases or provide any expert information confirming that there are no documents, electronically stored information or other information responsive to plaintiffs' discovery requests. Docket 177, p. 13. Further, the defendants have not provided any concrete reason or rationale for the numerous discrepancies within their discovery responses and the deposition testimony of their own employees. Nor has defendant articulated a satisfactory response to the

court's doubts expressed at the hearing that corporations as large and sophisticated as the defendants, which operate numerous gaming facilities across the country with various operations centers, do not have either paper files, electronic files or information or – even in light of Hurricane Katrina – backup measures and files for at least *some* of the information requested by plaintiffs.

The Fifth Circuit Court of Appeals has not had the opportunity to address directly the standards for preservation of electronic evidence and applicable sanctions where such evidence has been spoliated. The court in the Middle District of Louisiana looked to the *Zubulake* series of decisions in the Southern District of New York., which have been recognized as setting the benchmark standards for modern discovery and evidence-preservation issues.[2] *Consolidated Aluminum Corp. v. Alcoa, Inc.*, 244 F.R.D. 335, 339 (M.D.La.,2006). A party has a duty to preserve evidence relevant to litigation when the party has notice of the litigation or when it should have known that the evidence may be relevant to future litigation. *Zubulake v. UBS Warburg, LLC,* 220 F.R.D. 212, 216 (S.D.N.Y.2003). Spoliation is the "destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in a pending or reasonably foreseeable litigation." *Alcoa*, 244 F.R.D. at 339 (quoting *Zubulake,* 220 F.R.D. at 216). A party's preservation obligations are as follows:

---

[2] See *Zubulake v. UBS Warburg, LLC,* 217 F.R.D. 309 (S.D.N.Y.2003); *Zubulake v. UBS Warburg, LLC,* 230 F.R.D. 290 (S.D.N.Y.2003); *Zubulake v. UBS Warburg, LLC,* 216 F.R.D. 280 (S.D.N.Y.2003); *Zubulake v. UBS Warburg, LLC,* 220 F.R.D. 212 (S.D.N.Y.2003); and *Zubulake v. UBS Warburg, LLC,* 229 F.R.D. 422 (S.D.N.Y.2004). These decisions have been addressed and further developed in numerous cases since they were decided. They and their progeny make clear that a lackadaisical approach to preservation and production of electronic documents is simply unacceptable in today's litigation world.

> "Once a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a "litigation hold" to ensure the preservation of relevant documents. As a general rule, that litigation hold does not apply to inaccessible backup tapes ( *e.g.,* those typically maintained solely for the purpose of disaster recovery), which may continue to be recycled on the schedule set forth in the company's policy. On the other hand, if backup tapes are accessible ( *i.e.,* actively used for information retrieval), then such tapes *would* likely be subject to the litigation hold."

*Id.* (quoting *Zubulake,* 220 F.R.D. at 218). There is however, an exception this rule. If a party can identify where particular relevant documents are stored on backup tapes or systems, then the backup tapes or systems storing these key documents should be preserved if the information is not otherwise available. *Zubulake,* 220 F.R.D. at 218.

Although the court cannot say with certainty whether the defendants have legitimately fulfilled their discovery obligations, it does not appear that they have done so. The guiding principle of this court is to reach the truth in any case before it. Accordingly, the court declines to rule on the plaintiffs' motions until it is satisfied that the standards for preservation of electronic evidence and disclosure of *all* relevant evidence have been met or not met, as the case may be. The court cannot make such a determination without further review by a third party expert in the field of electronic discovery and who has knowledge of the gaming industry.

To aid the court in its decision a third-party expert is needed, and because defendants have failed to satisfy the court's inquiries calculated to determine the legitimacy of their searches to date or whether they have in good faith attempted to use preservation techniques reasonably available to them, the costs of the expert will be borne by the defendants. To that end the parties must agree upon a third-party expert in the field of electronic discovery and who has knowledge of the gaming industry to determine whether the defendants have met the standards for preservation of electronic evidence and disclosed all relevant evidence. The parties must submit

the name and curriculum vitae of the agreed-upon expert no later than December 4, 2009. If the parties cannot agree upon an expert, then each party must submit the names and curriculum vitae of three proposed experts to the court by December 4, 2009, and the court will appoint an expert from those names submitted. Finally, the defendants will bear all costs of this expert, including any subsequent deposition of the expert by the plaintiffs and any costs associated with the expert testifying before this court.

It is the undersigned's understanding that the Chief Judge Mills, the trial judge in this case, will be assigning a new trial date in this case following the entry of this Order; therefore, the Final Pre-trial Conference scheduled for December 1, 2009 before the undersigned is CANCELLED until further notice.

**SO ORDERED**

THIS, the 24th day of November, 2009.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE