IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**DEONNE MAGGETTE, ET AL**                                          **PLAINTIFFS**

V.                                      CIVIL ACTION NO.2:07CV181-M-A
                                                      LEAD CASE

**BL DEVELOPMENT CORP.**
**d/b/a GRAND CASINO TUNICA;**                          **DEFENDANTS**
**ET AL**

CONSOLIDATED WITH

**McKINLEY JACOBS, AS SPECIAL**
**ADMINISTRATOR OF THE ESTATE OF**
**FANNIE JACOBS, DECEASED; ET AL**
                                                       **PLAINTIFFS**

V.                                      CIVIL ACTION NO. 2:07CV182-M-A

**BL DEVELOPMENT CORP.**
**d/b/a GRAND CASINO TUNICA; ET AL**                    **DEFENDANTS**

## ORDER APPOINTING SPECIAL MASTER

    1.  Craig Ball of Austin, Texas, is hereby appointed as Special Master pursuant to Rule 53 of the Federal Rules of Civil Procedure. Mr. Ball must file the certification contemplated under Rule 53(b)(3) not later than January 10, 2010.

    2.  The primary duty of this Special Master is to investigate and advise the court concerning the nature, extent and sufficiency of the identification, preservation, collection, search, processing

and production by the defendants (including their officers, agents, employees, contractors and counsel) of potentially responsive information – particularly electronically stored information (ESI) – as it relates to discovery in this cause. The investigation includes, but is not limited to, claims by defendants that archive documents and computer data were lost regarding tour and travel arrangements booked through the Gulfport regional office due to damage from Hurricane Katrina, efforts to preserve, recover or replicate such information and the ability, necessity, cost and complexity to do so.

3. The court contemplates that the investigation may entail, among other things, inquiry concerning, and examination of, information systems, review of databases and e-mail stores, forensic acquisition and examination of electronic storage media, consultation with defendants' current and former employees, counsel and contractors and travel to the defendants' data centers and places of business.

4. A further duty of this Special Master is to assist and, when necessary, direct the parties in completing required identification, preservation, recovery and discovery of electronically stored information with reasonable dispatch and efficiency.

5. The Special Master will review with the parties ongoing discovery requests to determine where requested information is stored and how it can most effectively be identified, accessed, preserved, sampled, searched, reviewed, redacted and produced. To the extent the parties have disputes as to these matters, the Special Master may initiate or participate in the parties' efforts to resolve them. He is authorized to resolve issues as to the scope and necessity of electronic discovery, as well as search methods, terms and protocols, means, methods and forms of preservation, restoration, production and redaction, formatting and other technical matters.

6. The Special Master is granted the full rights, powers and duties afforded by F.R.C.P. Rule 53(c) and may adopt such procedures as are not inconsistent with that Rule or with this or other Orders of the court. The Special Master is empowered to communicate on an ex parte basis with a party or the court for purposes of seeking to maintain the confidentiality of privileged, trade secret

or proprietary information or for routine scheduling and other matters which do not concern the merits of the parties' claims. The Special Master may communicate with the court ex parte on all matters as to which the Special Master has been empowered to act.

7. The Special Master will regularly file a written report, in the format he deems most helpful, identifying his activities and the status of matters within his purview. The report should identify outstanding issues, with particular reference to matters requiring court action.

8. Each side is ordered to designate a lead attorney and a lead technical individual as contacts for the Special Master. These designees must have sufficient authority and knowledge to make commitments and carry them out to allow the Special Master to accomplish his duties. The parties are directed to promptly provide the Special Master access to any and all documents, media, systems and personnel (including technical staff and vendors) which the Special Master deems necessary to complete his duties.

9. Disclosure of privileged or protected information connected with the litigation to the Special Master will not be a waiver of privilege or a right of protection in this action and is also not a waiver in any other Federal or State proceeding; accordingly, a claim of privilege or protection may not be raised as a basis to resist such disclosure.

10. The court will decide de novo all objections to findings of fact or conclusions of law made by the Special Master. Any order, report, or recommendation of the Special Master, unless it involves a finding of fact or conclusion of law, will be deemed a ruling on a procedural matter. The xourt will set aside a ruling on a procedural matter only where it is clearly erroneous or contrary to law.

11. The Special Master's compensation, as well as any costs and expenses, will be paid by the defendants. Mr. Ball will be compensated at his usual and customary rate of $500 per hour, including time spent in transit or otherwise in connection with this appointment, except that travel time will be paid at one-half (50%) of the usual and customary rate unless substantive work, research or discussions in support of the engagement are performed while traveling, in which case those

activities will be paid at the usual and customary rate. The Special Master must submit to both parties invoices for services performed according to his normal billing cycle and defendants must pay those invoices within thirty days of receipt.

12. In making this appointment, the court has determined that the matters within the purview of the Special Master necessitate appointment because those matters cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

**SO ORDERED**, this, the 28th day of December, 2009.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**