IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**DEONNE MAGGETTE, et al**                                                       **PLAINTIFFS**

**VS.**                                                              **CAUSE NO. 2:07-cv-181**

**BL DEVELOPMENT CORP, et al**                                                  **DEFENDANTS**

CONSOLIDATED WITH

**McKINLEY JACOBS, AS SPECIAL
ADMINISTRATOR OF THE ESTATE OF
FANNIE JACOBS, DECEASED; ET AL**                                                **PLAINTIFFS**

**V.**                                                               **CAUSE NO. 2:07CV182**

**BL DEVELOPMENT CORP.
d/b/a GRAND CASINO TUNICA; ET AL**                                              **DEFENDANTS**

## ORDER

     This cause comes before the court on its own motion, directing the parties to submit additional briefing to this court, in anticipation of the June 30, 2010 hearing. In its May 17, 2010 order, this court wrote as follows:

> It would be naive for this court to conclude that BL is the first defendant to have "dragged its feet" in discovery or failed to be forthcoming in the information which it provided to an opposing party. While such violations are serious enough, they become far more so once they persist through repeated inquiries and sanctions from this court.

Slip op. at 2. This court later wrote in the same order that:

> The issue of primary concern in this case is not the "mere" spoilation of evidence, but rather the repeated flouting of discovery orders in such a manner as to call into

> question the integrity of this court's orders and to also raise questions regarding exactly what, if anything, BL might be attempting to hide in this case.

*Id.* at 8. In so writing, this court was attempting to convey the fact that it does not primarily view the upcoming hearing, and the possible sanctions resulting from same, as being for "discovery violations" per se. The court has reviewed BL's latest submission, and the authority cited therein relates almost exclusively to cases involving "mere" discovery violations. If this were a case of simple discovery violations without prior warning or intervention from this court, then it is certainly arguable that dispositive sanctions would not be in order. Such is clearly not the case, however.

The primary factor supporting the imposition of dispositive sanctions in this case is not the fact that BL committed discovery violations, but rather that BL engaged in a sustained defiance of this court's orders and specific warnings for many months, in such a manner as to border on contempt of court. The court accordingly views the upcoming hearing as being quasi-contempt proceedings, and the possibility certainly exists that it will find BP and/or its employees or counsel to have acted in contempt of court. Due process requires that the court warn the parties of such, which it has done in this order.

With regard to the underlying legal issue at hand, i.e. BL's potential vicarious liability, the court directs that the parties submit additional briefing dealing with the issue of whether this court had the authority, either through contempt law or simply the court's inherent judicial authority, to issue its June 2, 2009 "final warning" that BL would face dispositive sanctions if it continued to evade its discovery obligations.[1] The court certainly believes that it had such

---

[1] The Magistrate Judge issued the warning in question, but she did so only after consultation with this court, given that the threatened sanctions were dispositive in nature.

authority: is it required to decide an issue of law even if it believes that one party has consciously withheld information which is crucial for it to make an informed decision on that issue? It seems inconceivable that the court would be required to do so. Moreover, sanctions which might arguably be excessive absent a prior warning are more than fair in cases where a party is provided with a warning of specific sanctions and told how it might avoid the imposition of such sanctions. In such cases, the party has "the keys to its own jail cell" and can avoid the harsh sanctions simply by making efforts which it should have made in the first place.

The special master's report makes it clear that he repeatedly discovered <u>with ease</u> documents which BL had stridently maintained for many months simply did not exist. Obviously, it would have been far easier for BL to discover the documents in question, given that the facilities in question were its own, and it had a far greater period of time in which to do so. If BL had spent a small fraction of the time that it spent disparaging the Magistrate Judge's enforcement efforts in actually complying with the court's directives, it would not be in the position it finds itself now.² If the court had the authority to issue its June 2, 2009 order, then it seems self-evident that it has the authority to impose the sanctions specifically threatened in that order. Federal courts do not issue empty threats. When a party fails to heed a specific warning from a court, then it should appropriately face the consequences of same, lest future litigants feel emboldened to likewise disregard court orders. In the court's view, BL utterly failed to heed this court's "final warning," and, having done so, it may not cast this case as being one involving mere discovery violations. BL's latest submission does not reflect this fact, and the court

---

²This very charitably assumes that BL was not engaged in a conscious stonewalling of discovery in this case from the very beginning. The court believes (and long suspected, even prior to the special master's report) that this is, in fact, what transpired in this case.

therefore directs that the parties submit additional briefing in this case, addressing the issues raised herein.

**SO ORDERED** this 10th day of June, 2010.

/s/ Michael P. Mills
**CHIEF JUDGE**
**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**