**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**DEONNE MAGGETTE, ET AL**                      **PLAINTIFFS**

**V.**                               **NO. 2:07CV181-M-A**
                                      **LEAD CASE**

**BL DEVELOPMENT CORP. d/b/a GRAND**
**CASINO TUNICA;  ET AL**                      **DEFENDANTS**
                **CONSOLIDATED WITH**

**McKINLEY JACOBS, AS SPECIAL**
**ADMINISTRATOR OF THE ESTATE**
**OF FANNIE JACOBS, DECEASED; ET AL**         **PLAINTIFFS**

**V.**                               **NO. 2:07CV182-M-A**

**BL DEVELOPMENT CORP.  d/b/a**
**GRAND CASINO TUNICA; ET AL.**             **DEFENDANTS**

## ORDER

The court presently has before it numerous motions *in limine* relating to the upcoming trials in the above-entitled action.  The court, having considered the memoranda and submissions of the parties, rules as follows:

- With regard to defendant BL Development Corp.'s (BL's) consolidated motion *in limine* [675-1], which includes a large number of sub-motions:

1. The court agrees with defendant that plaintiffs' expert Joseph Witterschein should not testify regarding any matters which are designed to prove that an agency relationship existed between Walters and BL.  This court has already ruled that such a relationship existed as a matter

1

of law, and it would be cumulative to introduce proof regarding a matter which has already been legally established.

The court also notes that defendant has expressed, in its briefing, an intention to re-visit the court's ruling on the agency issue, including by seeking to argue at trial that Walters and/or its employees (such as bus driver Herbert Walters) were acting outside the scope of any agency relationship at the time of the accident in this case. This is clearly contrary to this court's September 2, 2010 discovery sanctions order, which stated as follows:

> [T]he court will simply instruct the jury - as it specifically warned BL it would - that an agency relationship existed as a matter of law between Walters and BL. The parties should thus proceed to trial with the understanding that the sole issue for the jury's consideration will be the negligence of Walters and the damages suffered by plaintiffs. For plaintiffs, this means that they should make no mention of any discovery violations or other misconduct by BL in this case. For BL, this means that it should not try to persuade the jury that it was not at fault in the accident, since the jury's task will simply be to decide whether Walters acted negligently.

The court does not believe that this order is in any way ambiguous or unclear. Defendant had an opportunity to persuade the Fifth Circuit to vacate this order in mandamus proceedings, and the Fifth Circuit declined to do so. Accordingly, defendant's duty at this point is simply to comply with this court's order.

It appears that defendant is having a difficult time accepting this court's statement that "the sole issue[s] for the jury's consideration will be the negligence of Walters and the damages suffered by plaintiffs." In addition to its stated intention to revisit the agency issue, defendant's statement of facts in its proposed pre-trial order is replete with facts which appear relevant, if at all, to the issue of agency. This is clearly improper. Defendant was given *years* to participate honestly in the discovery process so that this court could make an informed ruling on the agency

issue. Defendant repeatedly failed to do so, and this court therefore issued a "final warning" notifying it that any further deception would result in the agency issue being decided against it. Defendant gambled that this court would not be in a position to uncover the true facts regarding these discovery issues, and this is a gamble which defendant lost.

As this court has repeatedly noted, the special master found in five minutes information which BL repeatedly and stridently insisted did not exist for close to five years. At a hearing to consider the special master's findings, defendant's manager responsible for complying with discovery requests refused to testify without first obtaining immunity for prosecution for perjury for her prior actions in this case. At the same hearing, defendant's own former lead trial counsel could not reassure this court that defendant did not seek to actively discourage him from complying with this court's discovery orders. The special master found numerous instances in which computer files relating to this case, and this case only, were inexplicably deleted. That is the context in which defendant appears before this court. It is a context which, the court would hope and expect, would lead most litigants to adopt a posture of humility and contrition, rather than defiance. BL is certainly a unique litigant, but it must, at long last, accept the fact that it is not entitled to make up its own rules and that it is required to obey this court's orders.

To remove any possible confusion regarding the meaning of its prior orders, the court reiterates that <u>any issues</u> relating to agency and vicarious liability are issues of law which are inextricably intertwined with the discovery sanctions order in this case. Accordingly, in the event that the jury issues a finding of negligence against the bus driver Herbert Walters, defendant should address any arguments regarding the legal effect of this ruling to the court, rather than to the jury. The court can not envision any circumstances under which the actions of

a driver in transporting bus passengers to a destination would not be imputed to his employer (and thus to defendant), but, regardless, it is plain that this is an issue of law which should be addressed to the court at the appropriate time. The court sees no need to mention agency or vicarious liability issues to the jurors at all, other than to simply inform them that "an agency relationship existed as a matter of law between Walters and BL." The court trusts that this will finally resolve any confusion regarding this matter and that it will not be necessary for it to repeat itself once again.

2. This court will decide at trial, on a case by case basis, whether accident scene photos containing images of deceased or injured victims are so prejudicial as to justify their exclusion. The court can not pre-judge this issue without knowing exactly what the photographs depict and to what end they are sought to be introduced.

3. The court agrees with defendant that Anna Patrick's "day in the life" video should not be shown at either the liability trial or in the second damages trial, in which Patrick will not be a plaintiff regarding the damages issue. The court will entertain specific arguments regarding the admissibility of her videos during the final damages trial, at which Patrick will, in fact, be a plaintiff.

4. Defendant's motion to prohibit plaintiffs " from mentioning other bus accidents, particularly the March 2011 bus accident on the outskirts of New York City in which 14 casino patrons died and approximately 20 others were injured" is granted. The issue before the court is the bus accident in this case, and it can discern no benefit to having the jury consider completely separate bus accidents.

5. Defendant's motions to prohibit evidence of its settlements with other plaintiffs in this

case, to prohibit introduction of evidence of liability insurance, and to prohibit evidence of the relative financial resources of the parties will be granted. These are issues which this court routinely excludes from evidence in all trials before it, and it sees no reason to deviate from this approach in this case.

- Defendant's motion *in limine* [676-1] to exclude the opinions and testimony of NTSB investigator Frank Zakar is granted in part. The court agrees with defendant that Mr. Zakar may not offer an opinion about the cause of the bus accident and that he may not testify about anything other than the factual information he obtained during his examination of the accident bus and the MCI comparison bus. This ruling follows logically from the fact that, under federal statutes and Fifth Circuit authority, NTSB reports may not be introduced for the purpose of showing conclusions, but only to show findings of fact. *See* 49 U.S.C. § 1154(b); *Curry v. Chevron, USA*, 779 F.2d 272, 274 (5th Cir. 1985). The court will entertain any other specific objections to the testimony of Mr. Zakar at trial.

- Defendant's motion [677-1] to exclude evidence concerning the manner in which Walters maintained its bus or complied with Department of Transportation regulations is denied. This is a negligence case, and one duty of care owed by a bus company is to maintain its buses in good working condition. While the plaintiffs' proof of driver error may be, by far, their strongest proof in this case, this does not preclude them from at least attempting to introduce evidence of other potential breaches of care on the part of Walters. If plaintiffs' proof on this issue proves to be as weak as defendant suggests it will be, then the court may well decline to instruct the jury regarding the issue of negligent maintenance at trial. It would be improper to prejudge plaintiffs' evidence prior to trial, however, and the motion *in limine* will therefore be

5

denied.

- Defendant's motion to [678-1] to exclude "all third-party accident reports, including, but not limited to, the NTSB August 22, 2008 Accident Brief and Arkansas investigative reports that contain subjective conclusions about the probable cause of the October 9, 2004 bus accident" will be granted in part and denied in part. This court has already noted that any NTSB reports containing "conclusions" may not be introduced at trial, but defendant's "shotgun" motion to strike virtually every other report in this case is clearly overbroad. The court recognizes that there are a large number of reports that may potentially be used in this case, and it agrees with defendant that some of them - or portions thereof - are likely barred by the rules of evidence. It is also apparent that seeking to introduce all of them at trial would prove cumulative. Defendant's motion to exclude all of these reports is clearly overbroad, however.

The court does note, however, that, in the Fifth Circuit, investigating officers' opinions about accident causation ordinarily are not admissible in evidence. In *Duhon v. Marceaux*, 33 Fed. Appx. 703 (5th Cir. Feb 25. 2002), the Fifth Circuit stated that "[a]s a general rule, police officers' lay 'opinions as to the cause of an automobile accident formed by viewing subsequent evidence at the scene' are excluded under Rule 701." *Id.* at *4 (quoting 38 A.L.R.2d 13 § 22). Rule 701 provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. In light of this authority, the court will grant defendant's motion *in limine* as it relates to any portion(s) of reports which offer opinions by non-expert witnesses, including

police officers, regarding the cause of the accident in this case.  The court will deal with specific objections to the portions of such reports which contain factual information (such as hearsay and relevancy objections) as they arise at trial.  The court directs that plaintiffs not simply attempt to introduce, in a blanket manner, a large number of reports, but that they carefully choose factual portions of reports which, they feel, are particularly relevant to this case.

- Plaintiffs' motion [679-1] *in limine* "to confine fact witnesses in the defendants' case in chief to those individuals who have been properly disclosed pursuant to Rule 26" does not contain the sort of argument which this court expects from a motion *in limine* and will be denied. The purpose of motions *in limine* is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify *specific* issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion *in limine*.

If defendant should seek to introduce any witness at trial who, plaintiffs contend, was not properly disclosed in discovery, then the court will consider any objections to the witness at that trial.  The court notes, however, that both sides to this litigation have been quite derelict in complying with the dictates of the Rules of Civil Procedure, and this court's inclination at trial will be to err on the side of allowing jurors to reach an informed verdict on the issue of liability, so long as the introduction of a particular witness does not present some fundamental unfairness to the opposing party.  Regardless, the court will not use the procedural device of a motion *in limine* to reiterate the dictates of Rule 26, and the motion will therefore be denied.

- Plaintiffs' motion [680-1] *in limine* "to confine the scope of fact testimony in the Defendants' case in chief to those subject matters that have been properly disclosed pursuant to

Rule 26" is denied for the same reason as the previous motion.

- The next motion *in limine* [681-1] on the docket is defendant's motion seeking the court to "prohibit or limit proof regarding the amount of Plaintiffs' past medical bills that do not reflect

the actual amounts paid or currently owed."  Defendant argues that "[i]f medical providers have written off the medical bills or otherwise reduced the original amounts of the bills, then plaintiffs may not recover compensatory damages for these 'charge offs.' "  In so moving, defendant essentially seeks the application of  Arkansas Code § 16-55-212(b) in this case.  This statute provides that:

> Any evidence of damages for the costs of any necessary medical
> care, treatment, or services received shall include only those costs
> actually paid by or on behalf of the plaintiff or which remain
> unpaid and for which the plaintiff or any third party shall be
> legally responsible.

Ark.Code Ann. § 16-55-212(b) (Supp. 2003).  After noting the existence of this statute, however, defendant's own motion makes a rather persuasive case for it not being applied in this case.  Indeed, defendant notes that, in *Johnson v. Rockwell Automation, Inc.*, 308 S.W.3d 135, 141-42 (Ark. 2009), the Supreme Court of Arkansas concluded that § 16-55-212(b) is an evidentiary rule and held that the Judiciary, rather than the Arkansas Legislature, is tasked with the power to set rules of evidence.  Accordingly, the Court held § 16- 55-212(b) unconstitutional under Arkansas's separation of powers doctrine.  *Johnson*, 308 S.W.3d at 141.   Unfazed by this holding, defendant argues that:

> *Johnson* does not preclude the Court's application of § 16-55-212(b) in this case
> because *Johnson* should apply prospectively. *Land O'Frost, Inc. v. Pledger*, 823
> S.W.2d 887 (Ark. 1992). In *Land O'Frost*, the Supreme Court of Arkansas
> observed that "[it has] stated that once a statute is declared unconstitutional, it is

8

> treated as if it had never been passed;"however, the Supreme Court noted that "while that is said to be the 'general' rule, it has never been categorically true," and the court "decline[d] to apply the holding [of the disputed case] *retroactively*." *Land O'Frost*, 823 S.W.2d at 889 (citing *Johnson v. Arkansas*, 450 S.W.2d 564 (Ark. 1970);

Defendant's own argument thus concedes that the statute which it seeks for this court to apply has been declared unconstitutional and that, under Arkansas law, a statute which is so declared is "treated as if it had never been passed." While it may be true that there are exceptional cases where this is not the case, defendant provides no indication that this case is one such exceptional case, and its motion *in limine* will therefore be denied.

- Plaintiffs' motion *in limine* [682-1] to "limit expert witnesses in the Defendants' case in chief to those individuals who have been properly disclosed pursuant to Rule 26" is denied for the same reason as the prior such motions. This court requires that motions *in limine* contain *specific* objections to *specfic* testimony which is sought to be introduced, and motions which invite this court to simply reiterate some other rule of procedure or evidence do not constitute proper uses of this unique procedural device.

- Plaintiffs' motion *in limine* [683-1] to bar the testimony of Ronald Schwarz is granted. It seems clear that the testimony of this witness would have been relevant, if at all, to the issue of agency, and this issue has already been resolved in this case adversely to defendant. There is therefore no apparent reason for this witness to testify, and the motion *in limine* is due to be granted.

- Plaintiffs' motion *in limine* [686-1] seeking the application of the collateral source rule in this case is granted. It is well established that, under Arkansas law, "[r]ecoveries from collateral sources do not redound to the benefit of a tort-feasor, even though double recovery for the same

damage by the injured party may result," *Douglas v. Adams Trucking Co.*, 345 Ark. 203, 212, 46 S.W.3d 512, 517 (Ark. 2001), and plaintiffs' motion seeking the application of this law is well taken and due to be granted. At this juncture, the court sees no indication that any exception to the collateral source rule is applicable in this case, but defendant may argue to the contrary during the damages phase of any particular plaintiff's case.

- The court now turns to plaintiffs' motions *in limine* [687-1, 688-1] seeking exclusion of all references at trial to proceedings in Illinois and Arkansas against other defendants. In the Arkansas lawsuit, the plaintiffs did not even name the bus driver Herbert Walters or Walters Bus Company as defendants,[1] instead asserting claims against defendants who were involved in the construction of the highway in question. The Illinois lawsuit included many of the same plaintiffs and defendants as are present in this action, but it also named as defendants, *inter alia*, Scanlon Collision Specialists, which repaired the bus two years before the occurrence, and Wentworth Tire Service, which inspected the bus in August of 2004.

The Fifth Circuit has stated that "there is a well-established rule that factual allegations in the trial court pleadings of a party in one case may be admissible in a different case as evidentiary admissions of that party." *Hardy v. Johns-Manville Sales Corp.*, 851 F.2d 742 (5th Cir. 1988), *citing Continental Insurance Company of New York v. Sherman*, 439 F.2d 1294, 1298 (5th Cir.1971). It is clear, however, that while such evidence of prior pleadings *may* be admissible in a particular case, there are other cases in which the prejudicial effect of such evidence will heavily outweigh its probative value under FRE 403. It is certainly arguable that this is such a case. Indeed, defendant concedes that it "will not ask jurors to assign a percentage

---

[1]Indeed, Herbert Walters was among the plaintiffs in the Arkansas lawsuit.

of fault to non-parties" in this case, asserting that it plans to use the allegations in the complaints instead "to demonstrate that plaintiffs cannot carry their burden of proof and to impeach the credibility of the plaintiffs." By conceding that it will not seek allocation of fault to non-parties, defendant appears to concede plaintiff's argument that there "is not a scintilla of evidence in the case *sub judice* that any actor or person, other than Walters Bus Service, committed an act or omission that was the proximate cause of the plaintiffs' injuries." In light of this concession, it seems clear that the evidentiary value of the Arkansas and Illinois complaints is very low.

In light of the foregoing, the court believes that it would be more than justified in completely excluding the Arkansas and Illinois complaints from this case. In recognition of the fact that some authority does permit the introduction of such complaints, however, the court will give defendant <u>very</u> limited leeway to inquire regarding the filing of the complaints at trial. In order to limit any confusion to the jury, however, the court will limit defendant to making generalized inquiries into the nature of the Arkansas and Illinois complaints, and it will not permit defendant to belabor or repeatedly raise the point. Moreover, the court will instruct the jury in a manner consistent with defendant's concession that it "will not ask jurors to assign a percentage of fault to non-parties."

Ultimately, the court concludes that it should not completely shield plaintiffs from having to confront their own litigation decisions in other jurisdictions, but it also recognizes the extremely limited relevance of this evidence and its potential to cause undue confusion and prejudice. In recognition of this potential, the court instructs defendant to first request a sidebar conference prior to inquiring of any witness in this regard. At this conference, defendant should notify and seek pre-clearance from the court regarding the specifics of any question[s] which it

intends to ask.  The court anticipates that defendant will receive only one opportunity to inquire of any witness in this regard, and it should therefore choose its opportunity to do so wisely.   In light of the foregoing, the court will grant the motion *in limine* [687-1, 688-1] in part and deny it in part, and it instructs defendant to strictly comply with its instructions regarding the limited use of this evidence at trial.

- Plaintiffs' motion *in limine* [689-1] to bar the use of the Reconstruction Report prepared by Sergeant Tim J. Carter in the Defendants' case in chief is granted, based on the court's understanding that both sides to this litigation favor the exclusion of this witness's report. Indeed, defendant argues in its own motion that "Sgt. Carter's opinions about accident causation are inadmissible because by his own admission they are mere conjecture and thus not trustworthy or reliable."  It is also apparent that much of Sgt. Carter's report is barred by this court's prior ruling that opinions contained in reports by non-expert witnesses should not be admitted at trial.  Both sides appear to have serious doubts regarding the reliability of this witness's reports, and plaintiffs' motion to bar Sgt. Carter's reconstruction report will therefore be granted.

- Plaintiffs' motion *in limine* [690-1] to "[b]ar all evidence and argument related to the validity of the contract, to conditions precedent, to conditions subsequent;" and to "[b]ar any argument or testimony that the jury must not find an agency relationship if they question the validity of the contract in any way" is granted, although it strikes the court as being unnecessary.  This court has already made it clear in prior rulings that the trial in this case will relate to the issue of fault in causing the underlying accident and not the issue of agency, whether those agency arguments be couched in terms of contract-based agency or not.  Regardless, the court will grant the

plaintiffs' motion to preclude any possible confusion in this regard.

- Plaintiffs' motion *in limine* [691-1] to limit the jury pool in this case from those counties in the Delta Division is denied. The court agrees with defendant that the "Delta Division" does not exist for jury selection purposes, based upon the most recent amended plan for the selection of jurors in the northern district,[2] and plaintiffs' motion is therefore due to be denied.

- Plaintiff Anna Patrick's motion *in limine* [692-1] "to bar any references or arguments that the motorcoach bus crash was caused by an act of God" or an "unavoidable accident" is denied at this juncture. It is not this court's practice to limit the arguments that a party may present to the jury in such a stringent manner as plaintiff proposes, and it appears that the above arguments are closely intertwined with the issue of whether the bus driver acted negligently in this case. Of course, the court will properly instruct the jury regarding Arkansas negligence and damages law, including any applicable Arkansas authority relating to "acts of God" and "unavoidable accidents."

- Plaintiff Anna Patrick has filed a motion *in limine* [693-1] to exclude the NTSB reports in this case. In so moving, Patrick apparently wishes to see *all* such reports excluded, including the factual portions of such reports which, as discussed previously, are generally admissible in the Fifth Circuit. Defendant would also like to see these NTSB reports excluded, and, if all plaintiffs concur with Patrick regarding this issue, then there will be no dispute in need of resolution by this court. Defendant represents in its brief that "plaintiffs and defendants have

---

[2]Defendant asserts that the 2007 jury plan is applicable to this case, but it appears to this court that the amendment adopted on February 27, 2009 is applicable herein. Regardless, the "Delta Division" does not exist for jury selection purposes in either iteration of the jury plan for this district. Each plan divides the northern district into the Eastern, Western and Greenville divisions, with no mention being made of the Delta Division.

agreed that the NTSB accident brief and the other NTSB reports are inadmissible," and, assuming that this is correct, then the court presumes that no party will even attempt to introduce any NTSB report at trial. Pending clarification regarding the plaintiffs' position on this issue, the court will simply stand by its prior ruling that any NTSB reports containing conclusions should be barred and that the admissibility of any factual reports should be considered on a case-by-case basis. Plaintiff's motion *in limine* will therefore be granted in part and denied in part at this juncture.

- Plaintiff Anna Patrick's motion *in limine* [694-1] to "bar evidence and argument that a non-party may have contributed to or caused the accident" will be granted. As noted previously, defendant has conceded that it "will not ask jurors to assign a percentage of fault to non-parties" in this case, and it is certainly arguable that this concession alone resolves the issue. Indeed, the very purpose of this lawsuit is to allocate fault for the accident in this case, and the court can discern no reason why the fault of non-parties should even be discussed if defendant will not seek to have the jury allocate fault to them.

Assuming (as seems reasonable) that the potential candidates for allocation of such non-party fault would have been the defendants in the Illinois and Arkansas lawsuits, defendant appears to have no proof whatsoever that any of these defendants may have contributed to the accident in this case. Indeed, in noting its planned witnesses at trial defendant writes that:

> Defendants have no WILL CALL witnesses. The witnesses on their MAY CALL list consist of Plaintiffs and their relatives, Sergeant Tim Carter, Corporal Mickey Strayhorn, Gary Benson, and Lee Gillard. Plaintiffs included Sergeant Carter and Corporal Strayhorn on their MAY CALL list.

Clearly, none of these witnesses will permit defendant to establish triable jury issues that the road construction defendants in the Arkansas litigation or the tire/maintenance defendants in the

Illinois lawsuit did anything to cause the accident in this case. Establishing such potential liability would require, at a minimum, expert testimony regarding a breach of the applicable standard of care by those defendants, and defendant has clearly chosen a different path for defending this lawsuit. This decision appears to be quite reasonable based upon the court's understanding of the facts, but, regardless, defendant may not choose a particular litigation path and then complain when it is denied the opportunity to assert a non-party fault defense which it has not even attempted to establish.

The court notes parenthetically that Arkansas law as it relates to allocation of non-party fault appears to be in a state of some confusion after the Arkansas Supreme Court's decision in *Johnson v. Rockwell Automation, Inc.*, 2009 Ark. 241 (Ark. 2009). Ms. Patrick argues in her brief that all allocation of non-party fault is now clearly barred under Arkansas law, writing that:

> Prior to 2009, there was in effect in the State of Arkansas a statute which provided that in assessing percentages of fault, the fact finder shall consider the fault of all persons or entities who contributed to the alleged injury or death...regardless of whether the person or entity was or could have been named as a party to the suit.@ A.C.A. § Ï16-55-202. However, the Supreme Court of Arkansas held that the nonparty-fault provision of the Civil Justice Reform Act of 2003 (CJRA) was unconstitutional and violated separation of powers. *Johnson v. Rockwell Automation, Inc.*, 2009 Ark. 241 (Ark. 2009). The court specifically found that the provision invaded the powers granted to the judiciary by the Arkansas Constitution by adding to or varying the Arkansas Rules of Civil Procedure. *Johnson* at 6. The court also found that the provision effectively established a procedure that conflicted with the court's rules of pleadings, practice and procedure. *Id.* at 8. Accordingly, any assessments of proportions of fault may only be assessed among actual parties to the lawsuit.

It appears to the court that the issue may be somewhat more complex than plaintiff suggests, since the Arkansas Supreme Court noted in *Johnson* that:

> While respondents argued in oral argument that a defendant has always been able to "point to the empty chair," the "phantom defendant" established by section 16–55–202 is different. The nonparty-fault provision bypasses our "rules of

pleading, practice and procedure" by setting up a procedure to determine the fault
of a nonparty and mandating the consideration of that nonparty's fault in an effort
to reduce a plaintiff's recovery.

*Johnson*, 308 S.W.3d at 141.  The above passage appears to indicate that the *Johnson* decision

*may* have been a somewhat limited one which still leaves defendants with some opportunity to

"point to the empty chair" in appropriate cases.  Regardless, defendant has chosen not to make

non-party fault a factual issue in this case, and, in light of this decision, the legal standard which

would apply if defendant had chosen a different path is simply irrelevant.  Defendant admittedly

has neither evidence of non-party fault nor an intention to seek allocation of fault to non-parties

in this case, and plaintiff's motion *in limine* [694-1] seeking to bar this issue from being raised at

trial is therefore due to be granted.

- Plaintiffs' motion *in limine* [695-1] to "to bar all attorneys and witnesses from arguing and

making reference to irrelevant and/or unsubstantiated allegations of comparative fault" against

plaintiff Marean Walters will be denied at this juncture but, the issue will be addressed by this

court once again after the conclusion of the proof at trial.  In support of their motion, plaintiffs

argue that:

> There will be no evidence that Herbert Walter"s driving was erratic prior to the
> accident, nor will there be evidence that he had informed Marean that he was
> tiring and needed to stop driving. While Marean may have been sitting a few rows
> of seats from the driver, it would be fantastic to argue or assume that Marean
> could have had any opportunity to wrest control of the bus from Herbert Walters
> and somehow avoid the accident in the seconds between the time he lost control
> of the vehicle and the time the accident occurred.

This court is not comfortable in ruling based upon the parties' pre-trial representations of what

the proof may or may not show at trial.  It strikes this court as being a far better practice to wait

and see what the proof at trial actually does show at trial and proceed accordingly based on the

applicable law. The court will therefore deny this motion within the context of a pre-trial motion *in limine*, but this denial will be without prejudice to a consideration thereof following the presentation of the proof at trial.

- Plaintiffs' motion *in limine* [696-1] to "bar any references or arguments that Herbert Walters was an independent contractor operating the motorcoach bus" is granted. As this court has repeatedly noted, the jury in the upcoming trial will consider the issue of fault in causing the underlying accident in this case, rather than any proof or arguments relating to the issue of agency/vicarious liability. The motion *in limine* is therefore well taken and due to be granted.

In light of the foregoing, it is ordered that:

1. Defendant's consolidated motion in limine [675-1] is granted in part and denied in part.

2. Defendant's motion *in limine* [676-1] to exclude the opinions and testimony of NTSB investigator Frank Zakar is granted in part.

3. Defendant's motion [677-1] to exclude evidence concerning the manner in which Walters maintained its bus is denied.

4. Defendant's motion to [678-1] to exclude "all third-party accident reports, including, but not limited to, the NTSB August 22, 2008 Accident Brief and Arkansas investigative reports that contain subjective conclusions about the probable cause of the October 9, 2004 bus accident" is granted in part and denied in part.

5. Plaintiffs' motions [679-1, 680-1, 682-1] *in limine* "to confine fact witnesses in the Defendants' case in chief to those individuals who have been properly disclosed pursuant to Rule 26" is denied.

6. Defendant's motion [681-1] seeking the court to "prohibit or limit proof regarding the amount of Plaintiffs' past medical bills that do not reflect the actual amounts paid or currently owed" is denied.

7. Plaintiffs' motion *in limine* [683-1] to bar the testimony of Ronald Schwarz is granted.

8. Plaintiffs' motion *in limine* [686-1] seeking the application of the collateral source rule in this case is granted.

9. Plaintiffs' motions *in limine* [687-1, 688-1] seeking exclusion of all references at trial to proceedings in Illinois and Arkansas against other defendants is granted in part and denied in part.

10. Plaintiffs' motion *in limine* [689-1] to bar the use of the Reconstruction Report prepared by Sergeant Tim J. Carter in the Defendants' case in chief is granted.

11. Plaintiffs' motion *in limine* [690-1] to "[b]ar all evidence and argument related to the validity of the contract, to conditions precedent, to conditions subsequent; and "[b]ar any argument or testimony that the jury must not find an agency relationship if they question the validity of the contract in any way" is granted.

12. Plaintiffs' motion *in limine* [691-1] to limit the jury pool to be selected in this cause from those counties in the Delta Division is denied.

13. Plaintiff Anna Patrick's motion *in limine* [692-1] "to bar any references or arguments that the motorcoach bus crash was caused by an act of God" or an "unavoidable accident" is denied.

14. Plaintiff Anna Patrick's motion *in limine* [693-1] to exclude the NTSB reports in this case is granted in part and denied in part.

15. Plaintiff Anna Patrick's motion *in limine* [694-1] to "bar evidence and argument that a non-party may have contributed to or caused the accident" is granted.

16. Plaintiffs' motion *in limine* [695-1] to "to bar all attorneys and witnesses from arguing and making reference to irrelevant and/or unsubstantiated allegations of comparative fault" against plaintiff Marean Walters is denied at this juncture.

17. Plaintiffs' motion *in limine* [696-1] to "bar any references or arguments that Herbert Walters was an independent contractor operating the motorcoach bus" is granted.

18. Defendant's motion [697-1] to waive a separate briefing requirement is granted.

19. Defendant's motions [717-1, 718-1] seeking to revisit, once again, the discovery sanctions and choice of law issues are hereby stricken as untimely and

as having already been addressed in prior orders.  Plaintiff Anna Patrick's supplemental motion *in limine* [714-1] on the comparative fault issue is likewise stricken as untimely.

**SO ORDERED** this 27th day of May, 2011.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
